# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANK W. LEE,<br><br>      Petitioner,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>      Respondent.[1] | Case No. 1:23-cv-00012-SLG |

## ORDER OF DISMISSAL

On October 26, 2023, Frank W. Lee, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition").[2] Mr. Lee paid the Court filing fee on November 2, 2023.[3] The Court takes judicial notice[4] of the underlying criminal conviction Mr. Lee seeks to challenge in this case, his subsequent state court appeals, and post-conviction

---

[1] The proper respondent in a habeas action is the state officer who holds custody of the petitioner. For a prisoner, this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1.

[3] Filing fee: $5, receipt number 100020696.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

relief proceedings.[5] The Court also takes judicial notice of Mr. Lee's additional state court records to the extent relevant to this order.

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[6] Upon screening, it plainly appears that Mr. Lee is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

### I. Procedural History

Following a 2013 jury trial, Mr. Lee was convicted of second-degree sexual assault.[7] He was convicted on March 13, 2014, and sentenced to 11 years imprisonment with 3 years suspended.[8] The Alaska Court of Appeals affirmed his conviction on May 17, 2017.[9] Then the Alaska Supreme Court denied Mr. Lee's

---

[5] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] *Id.*

[7] *State of Alaska vs. Lee,* Case No. 1JU-12-01114CR.

[8] Docket 1 at 1.

[9] *Lee v. State,* Case No. A-11939, 2017 WL 2209876 (Alaska App. May 17, 2017) (unpublished).

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 2 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 2 of 10

petition for hearing on July 31, 2017,[10] such that his direct appeal became final on August 1, 2017.[11]

Mr. Lee had one year from the date his appeal became final to file an application for post-conviction relief.[12] However, Mr. Lee did not file his post-conviction relief application until September 17, 2018, more than six weeks after the statutory limitations period.[13] Therefore, the Alaska Superior Court dismissed his application as time-barred. On February 1, 2023, the Alaska Court of Appeals affirmed the dismissal, finding Mr. Lee failed to establish any grounds for excusing his failure to file a timely application.[14] Mr. Lee's Petition for Hearing was denied by the Alaska Supreme Court on April 28, 2023.[15] Mr. Lee then filed the Petition in this case.[16]

The Court notes Mr. Lee also has ongoing post-conviction relief proceedings pending in state court[17] regarding a subsequent criminal conviction in 2019.[18]

---

[10] *Lee v. State*, Case No. S-16759, Order (July 31, 2017).

[11] *See* Alaska R. App. P. 507(b), (c)(3).

[12] AS 12.72.020(a)(3)(A).

[13] *In the Matter of: Lee, Frank vs. State of Alaska DS,* Case No. 1JU-18-00941CI, Docket 09/17/2018 (Application for Post-Conviction Relief (Criminal Rule 35.1) re Criminal Case Number: 1JU-12-01114CR).

[14] *Lee v. State,* Case No. A-13668, 2023 WL 1434050, *1 (Alaska App. Feb. 1, 2023) (unpublished).

[15] *Lee v. State*, Case No. S-18648, Order (April 28, 2023).

[16] Docket 1.

[17] *See In the Matter of: Lee, Frank vs. State of Alaska,* Case No. 2NO-22-00165CI, Docket 9/23/2022 (Application for Post-Conviction Relief (Criminal Rule 35.1) re Criminal Case No. 2NO-17-00492CR) and Docket 10/11/2023 (Request and Order for Central Calendaring).

[18] *State of Alaska vs. Lee,* Case No. 2NO-17-00492CR, Docket 07/14/2017 (Initial Charging

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 3 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 3 of 10

However, the current Petition filed in federal court addresses only Mr. Lee's 2012 case.[19] Therefore, the Court focuses on the state courts' dismissal of Mr. Lee's untimely post-relief application regarding his 2014 criminal conviction in Case No. 1JU-12-01114CR.

## II. Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[20] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."[21] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant

---

Document Filed) and Docket 07/11/2019 ("Case disposed with disposition of Guilty Plea After Arraignment."). *See also Lee vs. State,* Case No. A-13487 (affirming the sentence imposed by the trial court).

[19] Doket 1-1.

[20] *Shinn v. Ramirez*, 212 L. Ed. 2d 713 (2022).

[21] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 4 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 4 of 10

harm to the States that results from the failure of federal courts to respect" state procedural rules.[22]

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[23] Direct appeals and post-conviction relief proceedings are distinct procedural vehicles used to challenge the constitutionality of a defendant's conviction or sentence. A criminal defendant "need not forgo one in order to pursue the other, and many, if not most, defendants pursue both. Indeed, in many circumstances, a defendant *must* pursue both to preserve all of their claims for federal habeas corpus review."[24]

In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.[25] Except in limited circumstances, federal constitutional claims must first be presented to the Alaska Superior Court.[26] If the petitioner

---

[22] *Coleman,* 501 U.S. at 750.

[23] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[24] *Mack v. State,* 523 P.3d 1235, 1251 (Alaska Ct. App. 2023).

[25] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[26] *See* Alaska Stat. § 12.72.010(4) (allowing post-conviction relief claims based on material facts not previously presented and heard); AS 12.72.010(9) (ineffective assistance of counsel claims may be raised in post-conviction relief proceedings); *Barry v. State*, 675 P.2d 1292, 1295-96

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 5 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 5 of 10

disagrees with the result, the claim must then be presented to the Alaska Court of Appeals.[27] If a petitioner receives an adverse final decision[28] from the appellate court, each claim must then be raised in a petition for hearing to the Alaska Supreme Court.[29] Although the supreme court has absolute discretion whether to grant or deny the petition for hearing — *i.e.,* whether to hear the petitioned case on the merits[30] — the state court process is exhausted only after a petition for hearing has presented to, and ruled upon, by the state supreme court.[31]

Mr. Lee has now exhausted his state court remedies with respect to his post-conviction relief claims. The Alaska Superior Court could have accepted the late-filed application and considered the application on the merits, but it instead elected to apply the state's procedural rule against Mr. Lee by dismissing the application

---

(Alaska Ct. App. 1984) (holding that, because the trial record is ordinarily insufficient to allow an appellate court to resolve an ineffective assistance of counsel claim on direct appeal, ineffective assistance claims will generally only be addressed on appeal when the claims have been litigated in a new trial motion or in an application for post-conviction relief); *Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (authorizing a criminal defendant to file a second post-conviction relief application challenging the effectiveness of their attorney in their first post-conviction relief proceeding).

[27] Alaska Stat.§ 22.07.020(d).

[28] Alaska Stat. § 22.05.010 (d) (in this subsection, "final decision" means a decision or order, other than a dismissal by consent of all parties, that closes a matter in the court of appeals).

[29] *See* Alaska Stat. §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301-05.

[30] Alaska R. App. P. 304 ("granting of a petition for hearing is not a matter of right but is within the discretion of the court of discretionary review"). *See also Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App. 1997) (discussing the distinction between the right to appeal and the right to petition).

[31] *See* Alaska Stat. § 22.07.030 (providing that "[a] party may apply to the supreme court for review of a final decision of the court of appeals"); Alaska R. App. P. 302(a)(1) (providing that "[a] petition for hearing may be filed in the supreme court with respect to any final decision of the court of appeals").

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 6 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 6 of 10

as untimely.[32] The Court of Appeals affirmed the dismissal on that same basis, noting that Mr. Lee's defense attorney counsel had twice informed him of his post-conviction relief options in writing.[33] The Alaska Supreme Court then denied his Petition for Hearing.[34] As a result, Mr. Lee has been procedurally defaulted from pursuing his federal claims in state court pursuant to an independent and adequate state procedural rule. In the case of a procedural default such as this, federal habeas review of the claims is barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[35]

### (1) Cause and Actual Prejudice

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.[36] To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

---

[32] Docket 1-1.

[33] *Lee v. State,* No. A-13668, 2023 WL 1434050, *1 (Alaska App. Feb. 1, 2023) (unpublished).

[34] *Lee v. State*, Supreme Court Case No. S-18648, Order (April 28, 2023); *See also In the Matter of: Lee, Frank vs. State of Alaska,* Case No. 1JU-18-00941CI, Docket 05/01/2023 (Notice of Return of Jurisdiction from Supreme Court).

[35] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[36] *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 7 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 7 of 10

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[37]

Mr. Lee has not made the requisite showing to excuse his procedural default in missing the state filing deadline. The Alaska Court of Appeals agreed with the Superior Court that Lee's untimely filing was not excused by an incompetent consultation from his appellate attorney. The Court agrees that Mr. Lee has failed to demonstrate good cause to excuse his late filing with the Alaska Superior Court, and therefore, does not address the actual prejudice prong.

**(2) Miscarriage of Justice/Actual Innocence**

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt."[38] Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."[39] A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[40]

---

[37] *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[38] *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original).

[39] *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence").

[40] *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)).

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 8 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 8 of 10

Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."[41]

Although Mr. Lee asserts his actual innocence, he does not provide any new reliable evidence to support his claim. Instead, he references the police report,[42] claims witnesses lied,[43] and points to the absence of DNA evidence[44], all of which could have been addressed at trial or in his direct appeals. Therefore, he makes no showing that the failure to consider his defaulted claims will result in a fundamental miscarriage of justice.

In conclusion, because Mr. Lee has not demonstrated cause to excuse the default or actual innocence, Mr. Lee is barred from pursuing his claims in a federal habeas proceeding pursuant to the procedural default doctrine.[45]

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED.**
2. All pending motions are **DENIED AS MOOT**.
3. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

---

[41] *Shumway v. Payne*, 223 F.3d 982, 990 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

[42] Docket 1 at 17; Docket 1-1.

[43] Docket 1 at 5.

[44] Docket 1 at 17.

[45] *Gray v. Netherland,* 518 U.S. 152, 162 (1996)

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 9 of 10

4. A Certificate of Appealability shall not issue.[46]

DATED this 13th of November, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[46] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 1:23-cv-00012-SLG, *Lee v. State of Alaska*
Order of Dismissal
Page 10 of 10
Case 1:23-cv-00012-SLG   Document 5   Filed 11/13/23   Page 10 of 10